UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | | |
|---|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. | 16-11556 |
| | ) | CHAPTER | 7 |
| JARLENE M LEWIS | ) | REG/jd | |
| | ) | | |
| | ) | | |
| Debtor | ) | | |

**<u>ORDER OVERRULING DEBTOR'S OBJECTION</u>**

On June 26, 2019

Pursuant to the court's order of December 16, 2016, the clerk of the court is in possession of $46,202.27, which it is holding "for the benefit of the trustee and creditors in any future case the debtor may file." That order was based upon an agreement between the debtor, the chapter 7 trustee, and the United States Trustee. Their agreement also provided for the dismissal of the case without prejudice. At the hearing that produced the agreement, debtor's counsel had advised the court that his client was prepared to file another case as soon as the present one had been dismissed. Although the funds were paid to the clerk, the debtor did not file a new case as expected and so the money is still being held, more than two years later.

Since the funds are being held longer than anticipated, for ease of administration and accounting purposes, the clerk would like to change the way they are being held and treat them as unclaimed funds. Doing so will not change the entity for whose benefit they are being held – the trustee and creditors in any future case the debtor may file – or diminish the fund through the assessment of charges. From the perspective of third parties little, if anything, would change, except perhaps in the way those funds would be accessed by one entitled to them, who would have to follow the procedure for obtaining unclaimed funds.

All creditors and parties in interest were given notice of the clerk's desired change, and the opportunity to object to it, and there have been no objections, except from the debtor who contends the funds should be returned to her.  That objection is overruled.

The debtor, the trustee and the United States Trustee all agreed that this case could be dismissed without prejudice and one element of their agreement was that the funds in question would be deposited with the clerk "for the benefit of the trustee and creditors in any future case the debtor may file."  The debtor may not attempt to change one element of the parties' agreement without also exposing the other aspects of that agreement – such as the without prejudice nature of the dismissal – to change as well.  Furthermore, the time to seek relief from the court's order passed long ago. See, Fed. R. Bankr. P. Rule 9024(c)(1).

Debtor's objection is OVERRULED.[1]  The clerk may treat the funds on deposit in this case, $46,202.27, as unclaimed funds to be held without charge for the benefit of the trustee and creditors in any future case the debtor may file.

SO ORDERED.

                                                */s/ Robert E. Grant*
                                                Chief Judge, United States Bankruptcy Court

---

[1] If the debtor wants to benefit from the funds, she needs to follow through with her original representation by filing a new case, letting the trustee administer the money and distribute it to creditors; if they are fully paid, any surplus would be distributed to her.